UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-21444-CV-MORENO
MAGISTRATE JUDGE REID

JERRY N. ALFRED,

      Petitioner,

v.

STATE OF FLORIDA,

      Respondent.

**REPORT RE DISMISSAL FOR FAILURE TO OBTAIN AUTHORIZATION PURSUANT TO 28 U.S.C. § 2244(b)(3)**

Petitioner has filed a successive *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. [ECF No. 1]. His petition challenges his conviction for second-degree murder in Case No. F98-35550, Eleventh Judicial Circuit of Florida, Miami-Dade County. [*Id.* at 1[1]]. As discussed below, the petition is an unauthorized successive petition and should be dismissed for lack of jurisdiction.

## I.    Background

Petitioner previously filed a § 2254 petition challenging the same conviction that he challenges here. *Alfred v. Dep't of Corr. et al.*, Case No. 07-21974-CV-HUCK (S.D. Fla. 2007), ECF No. 1. The court dismissed that petition on the merits.

---

[1] All page citations to ECF entries refer to the page-stamp number at the top, right-hand corner of the page.

*Id.*, ECF Nos. 20, 22. The Eleventh Circuit denied a certificate of appealability and the U.S. Supreme Court denied review. *Id.*, ECF Nos. 31, 33. Petitioner subsequently filed several other § 2254 petitions that were dismissed as successive. *Alfred v. Sec'y, Fla. Dep't Corr.*, Case No. 19-22919-CV (S.D. Fla. 2019), ECF No. 3 at 2.

## II.   Discussion

Rule 4 of the Rules Governing § 2254 Cases provides that, "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief. . . , the judge must dismiss the petition . . . ." Consistently, the Supreme Court has stated that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing Rule 4, Rules Governing § 2254 Cases). In reviewing a petition under Rule 4, courts must construe it liberally. *Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

"Before a second or successive [§ 2254 petition] is filed in the district court, the [petitioner] shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]." 28 U.S.C. § 2244(b)(3)(A).

"A motion in the court of appeals for an order authorizing the district court to consider a second or successive [petition] shall be determined by a three-judge panel of the court of appeals[,]" and may be granted "only if [the court of appeals]

determines that the [petition] makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." *Id.* § 2244(b)(3)(B)-(C).

Under § 2244(b), without authorization from the appropriate court of appeals, a "[d]istrict [c]ourt [is] without jurisdiction to entertain" a "'second or successive' petition challenging [the inmate's] custody[.]" *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

However, "the phrase 'second or successive' is not self-defining and does not refer to all habeas applications filed second or successively in time." *Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011) (citation omitted). Relevant here, "second or successive status only attaches to a judgment on the merits." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014) (citations omitted).

Here, the court dismissed petitioner's prior § 2254 petition on the merits and petitioner has not obtained the necessary authorization from the Eleventh Circuit. Furthermore, he attacks the same conviction that he attacked in that petition. Therefore, the court lacks jurisdiction over this petition.[2]

### III. Recommendations

---

[2] The court will provide petitioner with a form to apply for such authorization. However, the instant § 2254 petition clearly appears to be untimely. *See* 28 U.S.C. § 2244(d)(1). Thus, neither a direct transfer to the Eleventh Circuit under 28 U.S.C. § 1631 nor a stay is proper. *See Guenther v. Holt*, 173 F.3d 1328, 1330-31 (11th Cir. 1999).

As discussed above, it is recommended that petitioner's habeas petition [ECF No. 1] be dismissed for lack of jurisdiction as successive.

It is further recommended that this case be closed.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar petitioner from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

SIGNED this 13th day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

Jerry N. Alfred
M12748
Apalachee Correctional Institution East
Inmate Mail/Parcels
35 Apalachee Drive
Sneads, FL 32460
PRO SE

Noticing 2254 SAG Miami-Dade/Monroe
Email: CrimAppMIA@MyFloridaLegal.com